IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0943-12






BENJAMIN KNIGHTEN BURCH, Appellant





v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Keasler, J., filed a concurring opinion, in which Keller, P.J., and Hervey,
J., joined.


O P I N I O N 



 For the two reasons described below, I join only the Court's judgment. 

 First, the majority misinterprets the State's argument by characterizing its claims that
Bullcoming v. New Mexico (1) is distinguishable from the present case solely because the
testifying witness, Monica Lopez--Jennifer Pinkard's (the testing analyst)
supervisor--signed the drug analysis report. This was only a small piece of the State's
argument. The main thrust of the State's argument is that in Bullcoming the testifying
witness "neither observed nor reviewed [the testing analyst's] analysis," but in this case, the
witness did "review" the testing analyst's analysis. (2) In Bullcoming, a state laboratory analyst
testified about the testing performed by another analyst in the same lab. Despite being
familiar with the laboratory's testing procedures, the witness neither participated in nor
observed the test on Bullcoming's blood sample, and the lab report was admitted as a
business record. (3) As a result, the Supreme Court concluded Bullcoming's confrontation
rights were violated. 

 The State highlights Lopez's testimony to support its claim that Lopez's connection
with the drug testing was greater than the testifying witness in Bullcoming. After Pinkard
performed the testing, Lopez reviewed the report to ensure that the lab's policies and
procedures were followed. She further stated that she "double checked everything that was
done" and signed the report as the "reviewer." The State asserts in its brief, "As a signer,
[Lopez] certified the results and correctness of the content of the report." (4) While Lopez's
testimony may not be ideally descriptive about what exactly double-checking another
analyst's work entails, the fact that she performed some level of review illustrates the factual
differences between the present case and Bullcoming. The State acknowledges that Lopez
did not stand over Pinkard's shoulder and observe her performing the test. But as the State
asserts, Bullcoming does not necessarily require this. It appears to leave room within the
contours of the Confrontation Clause for a "reviewer" to testify in the testing analyst's stead. (5) 
The majority gives the State's argument short shrift. 

 Second, the majority's response to the State's argument that the admitted report's lack
of formality or solemnity rendered it non-testimonial is a gratuitous, ad hominem attack on
the State. Rebuffing the State's argument, the majority quotes Justice Thomas's concurring
opinion in Williams v. Illinois (6)--the authority the State relied upon in advancing its argument
that the lab report was non-testimonial--in which he stated "the Confrontation Clause
reaches bad-faith attempts to evade the formalized process." (7) The majority continues: "That
is precisely our case. The State can not avoid a straightforward application of Bullcoming
by adding the signature of a reviewer with no personal knowledge and omitting more
formalized language." (8) A plain reading of these passages suggests that the Court believes
that the State has somehow influenced the lab's procedures in a bad-faith attempt to skirt the
Confrontation Clause's requirements. No basis is given for this serious accusation. This is
wholly unsupported, and as such, has no place in an opinion from this Court. I certainly will
not affix my name to an opinion containing such a statement.


DATE DELIVERED: June 26, 2013

PUBLISH 
1. 131 S. Ct. 2705 (2011).
2. State's Brief on the Merits at 15 (citing id. at 2712).
3. Bullcoming, 131 S. Ct. at 2709-10, 2712.
4. State's Brief on the Merits at 21.
5. See Bullcoming, 131 S. Ct. at 2709, 2715-16. See also id. at 2722 (Sotomayor,
J., concurring).
6. Williams v. Illinois, 132 S. Ct. 2221, 2255 (Thomas, J., concurring).
7. Id. at 2261.
8. Ante, op. at 9-10.